# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **BARBARA ROSE**, | : |
| 86 Pin Oak Dr. | : |
| Marysville, OH 43040 | : Civil Action No.: 2:17-cv-635 |
| | : |
| Plaintiff, | : JUDGE |
| | : |
| v. | : MAGISTRATE JUDGE |
| | : |
| **VELOCYS, INC.**, | : |
| c/o Registered Agent | : **Jury Demand Endorsed Hereon** |
| Byron Sohovich | : |
| 505 King Avenue | : |
| Columbus, OH 43201 | : |
| | : |
| Defendant. | : |
| | : |

## COMPLAINT

NOW COMES Plaintiff Barbara Rose ("Plaintiff") and proffers this Complaint for damages against Defendant Velocys, Inc. (hereinafter "Defendant").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*., and the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("Chapter 4111").

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction of Plaintiff's claims arising under the law of the United States and over actions to secure equitable and other relief.

3. This Court has jurisdiction over Plaintiff's claims under the statutory law of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendant in the Southern District of Ohio and performed her job duties there, and Defendant is doing and has done substantial business in the Southern District of Ohio.

## THE PARTIES

5. Plaintiff Rose is an individual, a United States citizen, and a resident of the state of Ohio. Plaintiff resides in Union County, Ohio.

6. Defendant Velocys is a foreign corporation registered to do business in Ohio.

7. At all times relevant herein, the Plaintiff was an employee of Defendant as that term is defined in the FLSA and O.R.C. Chapter 4111.

8. At all times relevant herein, Defendant was a covered employer as that term is defined in the FLSA and O.R.C. Chapter 4111.

9. At all times relevant to this action, Defendant was engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendant constituted an enterprise engaged in commerce within the meaning of the FLSA.

## FACTUAL BACKGROUND

10. Plaintiff first began her employment with Defendant in or around April 2012.

11. At all times relevant herein, Plaintiff was in the position of Accounting Clerk 3.

12. Plaintiff works from Monday through Friday.

13. Plaintiff's shift is scheduled from 8:00 AM to 5:00 PM, with a one hour unpaid lunch break.

14. Plaintiff takes two smoke breaks per day, one in the morning and one in the afternoon. Plaintiff's smoke breaks do not exceed 20 minutes each.

2

15. Plaintiff always remains on Defendant's property, usually in a designated smoking area, during her smoke breaks.

16. Approximately 5 years ago, Plaintiff was told she needed to come in 40 minutes early to cover her smoke breaks.

17. Betty Ann Hale, Human Resources, required Plaintiff to begin coming into work at 7:20 AM and staying until 5:00 PM to "cover" her smoke breaks.

18. After this requirement, Plaintiff filled out her timecard and put more than 8 hours as her time worked.

19. Ms. Hale told Plaintiff not to list more than 8 hours because Plaintiff was only working 8 hours. Plaintiff changed her timecard and only listed 8 hours going forward.

20. Thus, Plaintiff worked 40 minutes per day for which she was not compensated.

21. Plaintiff typically worked 3 hours and 20 minutes of overtime per week for which she was not compensated.

22. Other employees take smoke breaks during working hours but are not required to start their shifts early. Upon information and belief, other employees are compensated for these work breaks.

23. Plaintiff informed Ms. Hale that she should be paid for the extra time she is at work under the law. Defendant stated she is not entitled to pay for the extra time.

## FIRST CAUSE OF ACTION
### 29 U.S.C. §201, *et seq*. - Failure to Pay Overtime

24. All of the preceding paragraphs are realleged as if fully rewritten herein.

3

25. Plaintiff was an employee of Defendant within the previous three years of the filing of this Complaint.

26. Plaintiff was not exempt from the overtime requirements of the FLSA.

27. Plaintiff was not paid an overtime premium for all hours worked over 40 in a workweek at her regular rate of pay.

28. Plaintiff regularly worked more than 40 hours per workweek.

29. Defendant was aware that Plaintiff regularly worked more than 40 hours per week, but did not receive overtime compensation at a rate of one and one-half times her regular rate of pay for hours worked in excess of 40 per week.

30. Defendant knew or should have known of the overtime payment requirement of the FLSA, and that Plaintiff was a non-exempt employee entitled to overtime compensation for all hours worked per week in excess of 40.

31. Defendant's refusal to properly compensate Plaintiff as required by the FLSA was willful.

32. As a result of Defendant's actions, Plaintiff has been damaged.

## SECOND CAUSE OF ACTION
## OMFWSA R.C. 4111.03 - Failure to Pay Overtime

33. All of the preceding paragraphs are realleged as if fully rewritten herein.

34. This claim is brought under Ohio law.

35. Defendant's knowing failure to pay Plaintiff overtime wages for hours worked in excess of forty (40) per workweek was a violation of Section 4111.03 of the Ohio Revised Code.

36. For the Defendant's violations of ORC 4111.03, Plaintiff is entitled to recover unpaid overtime wages, interest, attorneys' fees, and all other remedies available under Ohio law.

4

## THIRD CAUSE OF ACTION
### R.C. 4113.15 – Failure to Tender Pay by Regular Payday

37. All of the preceding paragraphs are realleged as if fully rewritten herein.

38. Plaintiff asserts this claim under R.C. 4113.15, which requires Defendant to pay its employees within thirty (30) days of when they performed compensable work.

39. At all times relevant herein, Defendant failed to make proper wage payments to Plaintiff for all overtime compensation for hours worked in excess of 40 in a workweek.

40. By failing to make the wage payments within 30 days of when such payments were due, Defendant has violated R.C. 4113.15.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. A declaratory judgment that Defendant's practices complained of herein are unlawful under the FLSA and the OMFWSA;

B. An injunction against Defendant from engaging in each of the unlawful practices, policies, and patters set forth herein;

C. An award of monetary damages, including unpaid overtime wages due under the FLSA, OMFWSA, and R.C. § 4113.15;

D. An award of liquidated damages and/or treble damages as a result of Defendant's failure to pay overtime compensation pursuant to 29 U.S.C. § 216 and R.C. § 4113.15;

E. An award of prejudgment and post judgment interest;

F. An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees;

G.  Such other legal and equitable relief as this Court deems appropriate, but in any event not less than $75,000.00.

>Respectfully submitted,
>
>/s/*Greg Mansell*
> Greg R. Mansell (0085197)
> (*Greg@MansellLawLLC.com*)
> Carrie J. Dyer (0090539)
> (*Carrie@MansellLawLLC.com)*
> **Mansell Law, LLC**
> 1457 S. High St.
> Columbus, OH 43207
> Ph: (614) 610-4134
> Fax: (513) 826-9311
> *Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a jury of at least eight (8) persons.

>/s/*Greg R. Mansell*
>Greg R. Mansell (0085197)